Battle, J.
 

 The condition of the bond upon which the suit is brought, at the instance of the relator, is so uncertain, that it cannot, by any reasonable intendment, be made sensible and valid. There are four obligors in the bond, and it does not appear from the condition, which of them had been elected consta
 
 *574
 
 ble, for the faithful discharge of whose office the bond was given. That is an omission which no construction can supply, which makes a difference between the present, and the case of
 
 Foster
 
 v.
 
 Frost,
 
 4 Dev, Rep. 424, upon which the plaintiff’s counsel relies. In that case, by the rejection of some figures as surplusage, the condition was made sensible. Here, there is nothing to be rejected, and there is nothing in the instrument, itself, to show us what is to be supplied. In that respect, it is like a blank left for the name of a devisee or legatee, which cannot be supplied by construction. The similarity extends further; for the names cannot be supplied by any extraneous proof. Neither a will, nor a deed, will admit of parol, or other proof,
 
 dehors,
 
 the instrument, to supply so material a part as the name of a devisee or legatee in a will, or a party to a deed. The condition of the obligation being insensible, it is void, and the consequence is, that the bond is an absolute one, payable ',o the State without any condition. Whether the Attorney General could sue on it in behalf of the State, and recover the whole amount, it is unnecessary for us to decide. It is certain, that, treated as an absolute bond to the State, no private individual can sue on it, as a relator, for as such, it does not appear that he has any interest in it.
 

 Rut it is said that the defect in the condition is remedied by the 9th section of the 78th chapter of the Revised Code.. By reference to that section it will be seen that was intended to cure all irregularities in the taking of any official bond, and in the conferring of the office, and also, to provide that “any variance in the penalty or condition of the instrument from the provisions prescribed by law,” shall not invalidate the bond or condition. It is manifest, at a glance, that the defect in the instrument now before us, is not that the bond was improperly taken, or the office irregularly conferred, nor that there is any variance, either in its penalty or condition, from the provisions prescribed by law, but is a fatal omission of the name of the person who had been elected constable, whereby the whole condition is rendered senseless, and, therefore, necessarily void. It cannot be helped by any intendment^ or
 
 *575
 
 construction, because there is nothing in any part ot the instrument to show us what ought to be intended, and there is nothing upon which any construction can operate.
 

 The judgment must be reversed, and a judgment of nonsuit entered.
 

 Pee OukiaM, Judgment reversed.